HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMILY B. CHERKIN and BENJAMIN GITENSTEIN,

    Plaintiffs,

v.

GEICO GENERAL INSURANCE COMPANY; JACLYN SEIFERT; JOHN DOE SEIFERT; LAWRENCE H. BORK; and JANE DOE BORK,

    Defendants.

Case No. C18-00839-RAJ

ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Defendants Jaclyn Seifert and Lawrence H. Bork. Dkt. # 5. Plaintiffs Emily B. Cherkin and Benjamin Gitenstein oppose the Motion. Dkt. # 9. For the reasons that follow, the Court **DENIES** Defendants' Motion to Dismiss.

**I. BACKGROUND**

The following is taken from Plaintiffs' Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

Plaintiffs filed this action against Defendants, GEICO General Insurance Company ("GEICO"), Jaclyn Seifert, John Doe Seifert, Lawrence H. Bork, and Jane Doe Bork, on May 3, 2018. Dkt. # 1. Plaintiffs brings claims for breach of contract; violation of the

ORDER – 1

Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.*; negligence and bad faith; and violation of the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015, *et seq*. Dkt. # 1-2. On April 27, 2014, Plaintiffs were involved in a car accident. Dkt. # 1-2 at ¶¶ 4.1-4.9. As a result of that accident, Plaintiff Emily Cherkin was injured and Plaintiffs' vehicle was damaged. *Id*. Cherkin was insured by GEICO at the time of the accident. Dkt. # 1-2 at ¶ 5. Cherkin filed a lawsuit against the other driver in the accident, Aaron Moore, on March 11, 2016. *Id*. at ¶ 5.2.

During the course of discovery related to that case, Plaintiffs learned that Moore was insured by a liability insurance policy that provided up to $100,000 of coverage for bodily injury for which Moore was legally responsible. *Id*. at ¶ 5.3. Plaintiffs allege that it is GEICO's position that the liability policy limit included the derivative claims of Plaintiff Benjamin Gitenstein and their two minor children. *Id*. On or about July 19, 2016, Plaintiffs notified GEICO of a potential underinsured motorist ("UIM") claim. *Id*. at ¶ 5.5. Plaintiffs then provided medical records and other documentation accumulated during the discovery period in the state court lawsuit to GEICO. *Id*. at ¶ 5.7. In January of 2017, Moore's insurer offered a settlement of all of Cherkin's third party claims in exchange for payment of Moore's liability policy limit. *Id*. at ¶ 5.9. GEICO also agreed to waive any "PIP subrogation interests." *Id*. at ¶ 5.13. Based on the waiver, the payment of Moore's liability policy limit, and review of the documentation provided at that time, GEICO determined that Cherkin had been fully compensated for her claim. *Id*.

During the period of time material to this lawsuit, Defendants Jaclyn Seifert and Lawrence Bork were employed by GEICO as insurance adjusters and handled Cherkin's claim. Dkt. # 1-2 at ¶¶ 1.3, 1.4. Defendants removed this case to this District on June 11, 2018. Dkt. # 1. Defendants then filed this Motion to Dismiss Defendants Seifert and Bork, arguing that they are dispensable parties under Rules 19 and 21 of the Federal Rules of Civil Procedure. Dkt. # 5.

ORDER – 2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 19 describes parties that must be joined in an action. Fed. R. Civ. P. 19(a). Rule 19(a) requires joinder of parties whose absence would preclude the grant of complete relief, whose absence would impede the parties' ability to protect their interests, or whose absence would leave an existing party subject to a substantial risk of incurring inconsistent obligations. Fed. R. Civ. P. 19(a). Federal Rule of Civil Procedure 21, on the other hand, empowers the Court to dismiss parties improperly joined in a case. Fed. R. Civ. P. 21. Rule 21 "permits the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just to add or drop parties so as to avoid dismissing an action. Rule 21 grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) (internal citations omitted). It is rare, however, for courts to use Rule 21 to dismiss properly joined parties "solely to permit a defendant to acquire federal jurisdiction and remove the proceeding from the state forum in which it was originally brought." *See Mort v. Allstate Indem. Co.*, No. C18-568RSL, 2018 WL 4303660, at *2 (W.D. Wash. Sept. 10, 2018); *Oliva v. Chrysler Corp.*, 978 F. Supp. 685, 688 (S.D. Tex. 1997); *see Ferry v. Bekum Am. Corp.*, 185 F. Supp. 2d 1285, 1290 (M.D. Fla. 2002); *Garbie v. Chrysler Corp.*, 8 F. Supp. 2d 814, 817–18 (N.D. Ill. 1998).

## III. DISCUSSION

As a preliminary matter, Plaintiffs argue that Defendants failed to comply with the meet-and-confer requirements of this Court's Standing Order. Dkt. # 3. The Standing Order states that counsel contemplating the filing of a motion "shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion *and any potential resolution*." The Court has this requirement to minimize waste of judicial time and resources on issues that could be resolved amongst

ORDER – 3

the parties. Plaintiffs concede that the parties did discuss whether Plaintiffs would agree to voluntarily dismiss Defendants Seifert and Bork. Dkt. # 9 at 5; Dkt. # 10 at ¶ 6. Plaintiffs do not dispute Defendants' representation that Defendants' counsel gave Plaintiffs until June 11, 2018 to respond to Defendants' request to avoid motion practice. Instead, Plaintiffs argue that Defendants did not specifically state that they intended to bring a motion to dismiss at this stage in these proceedings. It is clear that the parties discussed the substance of the motion and a potential resolution even if Defendants did not state exactly when this "motion practice" would occur. The Court declines to strike Defendants' Motion on that basis.

Although Defendants state that "[t]he addition of, and conclusory allegations against, Seifert and Bork demonstrate their joinder for the sole purpose of defeating GEIGO's statutory right to a federal forum," they do not assert and have not shown that Plaintiffs fraudulently joined Seifert and Bork[1]. Dkt. # 5 at 1; *see Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (A defendant can establish fraudulent joinder based on the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court," if they show that an "individual[ ] joined in the action cannot be liable on any theory."). Instead, Defendants ask that the Court utilize its authority under Rule 21 to find that Seifert and Bork are dispensable parties because their "presence is not required to allow Plaintiffs to recover if their allegations are found to be true." *Id*. at 6. Defendants argue that there is no basis on which to distinguish Seifert's and Bork's liabilities separate and apart from GEICO because they are alleged to be representatives of GEICO on Plaintiffs' insurance claim.

The Court concludes that Seifert and Bork should not be dismissed from this case. Plaintiffs brought this case against them based on a viable state-law claim. The

---

[1] The Court notes that Defendants belatedly allege fraudulent joinder is present in this case in their Reply. However, the Court is not required to consider arguments made for the first time in a reply brief, and will not grant Defendants' Motion on the basis of that argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

ORDER – 4

Washington Court of Appeals in *Keodalah v. Allstate Ins. Co.*, 3 Wn. App. 2d 31 (2018), held that insurance adjusters can be individually liable for bad faith and CPA claims. *Id*. at 40–43. Plaintiffs bring bad faith and CPA claims against all Defendants. Defendants' attempt to distinguish *Keodalah* from this case based on the facts alleged is unpersuasive. Defendants do not bring this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and do not successfully show that the Complaint falls short of the relevant pleading standards or that it fails to state a claim against Seifert and Bork upon which relief can be granted. Further, that Plaintiffs could potential recover fully from GEICO based on *respondeat superior* or joint and several liability is not a valid reason to dismiss Seifert and Bork from this case. This potential does not eliminate Plaintiffs' ability to bring an individual-capacity claim against them. Defendants cite to no other binding case law that Plaintiffs cannot bring claims against Seifert and Bork in their individual capacities as insurance adjusters or that Seifert and Bork are dispensable parties merely because they are employees of GEICO.

The Court notes that Defendants attempt to make several arguments in their Reply refuting the factual allegations of the Complaint. Dkt. # 11 at 2-4. This is inappropriate for a motion to dismiss and at this stage in litigation. This is not a motion for summary judgment and Defendants cite to no legal authority that establishes that it is appropriate for them to submit additional evidence to refute Plaintiffs' factual allegations in a motion to dismiss based on Rules 19 and 21. Further, as noted above, the Court is not required to consider arguments made for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Given the Court's conclusion that Seifert and Bork should not be dismissed as Defendants in this matter, this case lacks the complete diversity of citizenship required for federal jurisdiction. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c). The court may raise the issue of

ORDER – 5

subject matter jurisdiction *sua sponte* and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Galt G/S v. Hapag-Lloyd AG*, 60 F.3d 1370, 1373 (9th Cir. 1995). Accordingly, the Court **DENIES** Defendants' Motion to Dismiss and orders Defendants to show cause why this case should not be remanded to state court.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion to Dismiss Defendants Jaclyn Seifert and Lawrence H. Bork. Dkt. # 5. **Additionally, the Court ORDERS Defendants to show cause why this case should not be remanded to state court.** Defendants shall file a written response to this order, not exceeding five (5) pages, on or before January 4, 2019.

DATED this 27th day of December, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6