HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

EMILY B. CHERKIN and BENJAMIN GITENSTEIN,

    Plaintiffs,

v.

GEICO GENERAL INSURANCE COMPANY, a foreign insurer; JACLYN SEIFERT and JOHN DOE SEIFERT; and LAWRENCE H. BORK and JANE DOE BORK, and their marital community,

    Defendants.

Case No. 2:18-cv-00839-RAJ

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' motion to remand. Dkt. # 15. For the reasons below, the Court **GRANTS** Plaintiffs' motion.

## II. BACKGROUND

This case arises out of a motor vehicle accident that occurred on April 27, 2014. Dkt. #1-2 at ¶ 4.2. After settlement of their claims against the at-fault driver, Plaintiffs requested that Defendant GEICO pay benefits pursuant to their underinsured motorist ("UIM") policy. During the course of the investigation of the plaintiffs' UIM claim, two GEICO employees, Defendants Jaclyn Seifert and Lawrence Bork, worked on the Plaintiffs' claim as adjusters. *See, e.g.*, Dkt. ##1-2 at ¶¶ 1.3, 1.4, 5.11, 5.13. After GEICO refused to pay any benefits pursuant to Plaintiffs' UIM policy, Plaintiffs initiated an action

ORDER – 1

in the King County Superior Court on May 2, 2018. *Id*. at 17.

Defendants filed a notice of removal on June 11, 2018. Dkt. # 1. Defendants then filed Motion to Dismiss Defendants Jaclyn Seifert and Lawrence Bork on June 15, 2018. Dkt. # 5. Plaintiffs responded to the motion and Defendants filed a reply. *See* Dkt. ## 9-12. On December 27, 2018, the Court entered an order denying Defendants' Motion to Dismiss and ordering Defendants to Show Cause "why this case should not be remanded to state court." Dkt. # 13. Specifically, the Court noted that the Washington Court of Appeals in *Keodalah v. Allstate Ins. Co*., 3 Wn. App. 2d 31 (2018), held that insurance adjusters can be individually liable for bad faith and CPA claims. *Id*. at 40–43. Plaintiffs bring bad faith and CPA claims against all Defendants. Given the conclusion that Seifert and Bork should not be dismissed as Defendants in this matter, the Court stated that case lacks the complete diversity of citizenship required for federal jurisdiction and issued an order to show cause as to why this case should not be remanded to state court. On April 4, 2019, Plaintiff filed a motion to remand, which is currently before the Court. Dkt. # 15.

## III. DISCUSSION

Removal jurisdiction is strictly construed in favor of remand and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 698 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 682-83 (9th Cir. 2006). The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009). Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendants assert that this Court has jurisdiction over this matter based on diversity of citizenship of the parties. Dkt. # 1. The Court has diversity jurisdiction over civil actions

ORDER – 2

where the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. Plaintiffs and Defendants Seifert and Bork are all citizens of Washington. As a result, the requirements for diversity jurisdiction have not been met. As they did in their motion to dismiss, Defendants argue that Seifert and Bork are dispensable parties and thus should be dropped under Rule 21. Dkt. # 16 at 2. Defendants argue that there is no basis on which to distinguish Seifert's and Bork's liabilities separate and apart from GEICO because they are alleged to be representatives of GEICO on Plaintiffs' insurance claim. *Id.* at 3. ("Plaintiffs do not allege facts that would allow a finding of violations against the individual employees but not find against GEICO as stated above, there are no allegations that Seifert or Bork acted outside the scope of their employment.").

The Court again concludes that Seifert and Bork are not dispensable parties. Plaintiffs brought this case against them based on a viable state law. *See Keodalah v. Allstate Ins. Co.*, 3 Wn. App. 2d 31 (2018) (holding that insurance adjusters can be individually liable for bad faith and CPA claims). Plaintiffs bring bad faith and CPA claims against all Defendants. Accordingly, there is no diversity of citizenship and this Court lacks jurisdiction over this action.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion. Dkt. # 15. The Court hereby **REMANDS** this case to King County Superior Court.

DATED this 26th day of September, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3